W. SHARP, Judge,
dissenting.
This is the rare case in which I think the trial judge should be held to have abused his discretion by awarding primary residential custody of a six-year-old child to his father Severance, rather than to his mother, Kopec. The trial judge made findings that both parents were able and loving and had a good relationship with the child. He concluded they are “almost totally equal in their ability to care for the child.” To break the tie, the trial judge must have faulted Kopec, because she was more oriented “to career achievement than parenting.” This was the only adverse thing said about Kopec at trial.
However, the facts of this unfortunate marriage were that the father, Severance, contributed little financially to the support of Kopec and none for her two children by a prior marriage. She had no choice but to work long hours to financially maintain herself and her children.[1] She also testified she had arranged to work out of her home, so she would always be at home when the child was out of school.
There were many problems with giving Severance primary custody. The court noted Severance had a dysfunctional background and had abused alcohol in the past. Coworkers and neighbors also testified about his use and abuse of alcohol, both past and present. Kopec testified Severance’s drinking was excessive on a daily basis throughout their marriage. They separated and reconciled once previously, only because Severance promised to stop drinking, get counseling, and help pay off the bills, which he ultimately failed to do. There was also testimony that Severance occasionally became intoxicated while caring for the child. He admitted to having been convicted of DUI in 1984, and that he had abused alcohol during his marriage “to escape.” He also admitted he currently has alcoholic drinks two or three times a week, but that is no problem, because he is no longer an alcoholic.
There was also testimony that giving Severance primary custody will result in removing the child not only from his mother’s care, but also from the company of his two half-siblings (fifteen and sixteen years old) with whom he has lived since birth, and from the only home he has ever known. The guardian ad litem testified that the child had flourished in his mother’s home and that the father would not be able to provide the same atmosphere.
Severance was living with his sister in her apartment. He planned to move into a house or an apartment by himself with the child, if granted custody. Since Severance will have to work to support himself and the child, one can only wonder what arrangements he will make to care for the child. Whatever living arrangements for the child Severance is able to make will be far more disruptive and unsettling to the child than had primary custody been left with Kopec.
Finally, Kopec and one of her older children testified to numerous incidents of domestic abuse (including death threats and batteries) primarily directly against her (but some against her other children) by Severance. The record includes at least five Petitions for Injunctions for Protection Against Domestic Violence filed by Kopec in 1991, 1992, and 1993 and five injunctions enjoining Severance from assaulting or battering and sexually battering Kopec or her immediate family. This evidence was apparently dismissed by the court as a “he said, she said” stand off. In my view, the court failed to address the problem of domestic violence in the serious manner with which it should be dealt. Part of the problem with domestic violence is that the pattern of behavior is handed down from one generation to the next. If the chain is to be broken, children should not be raised in homes where this behavior goes on, since they will view it as the acceptable norm.
The statute provides that parents who are convicted of such behavior should not be allowed shared parental responsibility of their minor children.[2] Absent a conviction, the statute provides that evidence of such behavior should be seriously weighed as a negative factor in awarding joint parental *1062 responsibility.[3] Although not expressly stated in the statute, domestic abuse should clearly be heavily weighed in selecting the primary custodial parent. That was not done in this case.
In view of the considerable negatives Severance presented as the potential primary residential parent, I conclude that the trial court abused its discretion in making this custody award. Further, assuming an even balance existed between the two parents, which I do not think existed here, it is arbitrary and capricious to fault Kopec because of her career industriousness and success, period This is particularly true in this case since there was no showing that her pursuit of a career in any way injured, endangered, or harmed her children. There was also evidence that Kopec had no choice but to work to support herself and her children. No one else was doing it. Would, I wonder, the trial judge or the licensed clinical psychologist who testified as the court’s witness, have so faulted a man for working hard at his job under these circumstances?

. Kopec was a registered nurse, who became a stockbroker. She then built a home-care company and finally started her own medical transcription business.

. Section 61.13(2)(b)2., Florida Statutes (Supp. 1994) provides:
The court shall consider evidence that a parent has been convicted of a felony of the second *1062 degree or higher involving domestic violence ... as a rebuttable presumption of detriment to the child.... If the presumption is not rebutted, shared parental responsibility, including visitation, residence of the child, and decisions made regarding the child, shall not be granted to the convicted parent.

. Section 61.13(2)(b)2. provides:
The court shall consider evidence of spousal or child abuse as evidence of detriment to the child.